**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Northern _____ District of Texas _____
(State)

Case number (*If known*): _____  Chapter 11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | 777 Asset Management LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 9 8 _ 1 6 2 3 7 7 1 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 5850 San Felipe, Suite 500 | 3500    Maple Avenue, Suite 420 |
| Number        Street | Number      Street |
| | P.O. Box |
| Houston          TX    77057 | Dallas          TX    75219 |
| City          State    ZIP Code | City          State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Harris | |
| County | Number      Street |
| | City          State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | |

Debtor    777 Asset Management LLC
_____
Name

Case number (*if known*)_____

---

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

5   2   3   9

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____   When _____   Case number _____
                                          MM / DD / YYYY

         District _____   When _____   Case number _____
                                          MM / DD / YYYY

---

Debtor   777 Asset  Management LLC
_____
Name                                                                Case number (*if known*)_____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.   Debtor   See Rider 1 _____   Relationship   Affiliate _____

District   Northern District of Texas _____   When   08  / 09  / 2026
                                                                                                                                                    MM  /  DD  / YYYY

Case number, if known   _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that appl*y.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                                        Number        Street

_____

_____            _____  _____
City                                                                        State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency   _____

Contact name   _____

Phone   _____

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

Debtor  777 Asset Management LLC
_____
Name

Case number (*if known*)_____

| 15. **Estimated assets** | ☑ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| --- | --- | --- | --- |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. **Estimated liabilities** | ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| --- | --- | --- | --- |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08  09 2026
_____
MM / DD / YYYY

✗ /s/ Mark Shapiro
_____
Signature of authorized representative of debtor

Mark Shapiro
_____
Printed name

Title  Chief Operating Officer
_____

18. **Signature of attorney**

✗ /s/ Jason S. Brookner
_____
Signature of attorney for debtor

Date  08  09 2026
_____
MM  / DD / YYYY

Jason S. Brookner
_____
Printed name

Gray Reed
_____
Firm name

1845      Woodall Rodgers Fwy, Ste. 1300
_____
Number      Street

Dallas
_____
City

TX
_____
State

75201
_____
ZIP Code

(469) 320-6132
_____
Contact phone

jbrookner@grayreed.com
_____
Email address

24033684
_____
Bar number

TX
_____
State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Northern**  District of  **Texas**
                           (State)

Case number *(if known)*: _____  Chapter __**11**__

☐ Check if this is an amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Signal National LLC.

- Signal National LLC
- 600 Partners LLC
- 777 Asset Management LLC
- 777 Partners LLC
- Daedalus I LLC
- Employee Funding of America, LLC
- F3EA Capital LLC
- F3EA Holdings LLC
- F3EA Servicing LLC
- Ironman Capital LLC
- Lex Capital Holdings LLC
- Lumiere Acquisitions Company LLC
- Lumiere Financing LLC
- Phoenicia LLC
- Signal AHF Medical Receivables HoldCo LLC
- Signal LF Portfolio Holdco LLC
- Signal MLH Medical Receivables HoldCo LLC
- Signal Servicing LLC
- Singer Asset Finance Company, L.L.C.
- SuttonPark Capital LLC
- SuttonPark Servicing LLC
- Tactical Marketing Partners LLC
- Thresher Acquisition LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| 777 Asset Management LLC, | ) Case No. 26-[_____] (___) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| 777 Partners LLC | 5850 San Felipe, Suite 500 Houston, TX 77057 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 777 Asset Management LLC, | ) | Case No. 26-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| 777 Partners LLC | 100% |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Signal National LLC, et al.** |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF TEXAS** |
| Case number (if known): | |

☐ Check if this is an

amended filing

# Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**

**12/15**

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Vida Longevity Fund LP (nka Obra Insurance Fund LP) 437 Madison Avenue 26th Floor New York, NY 10022 | | Judgment | Disputed | | | $11,813,932.00 |
| Vida Insurance Credit Opportunity Fund III, LP 437 Madison Avenue 26th Floor New York, NY 10022 | | Judgment | Disputed | | | $7,097,714.00 |
| Vida Insurance Credit Opportunity Fund II, LP 437 Madison Avenue 26th Floor New York, NY 10022 | | Judgment | Disputed | | | $7,088,354.00 |
| Heritage Travel and Tourism LTD c/o Carlton Fields, P.A - Aaron Weiss 700 NW 1st Avenue Ste 1200 Miami, FL 33136 | aweiss@carltonfields.com | Judgment | Disputed | | | $5,945,001.90 |
| Infosys Limited 507 E Howard Ln Building 1, Suite 200 Austin, TX 78753 | invoicequeries@infosys.com | Settlement Agreement | Disputed | | | $5,809,572.00 |
| Aries Technology | tom@cfoservicesllc.com | Assignment & Acceptance | Disputed | | | $5,290,000.00 |
| CP Boca Place, LLC 50 California St, Ste 3000 San Francisco, CA 94111 | | Judgment | Disputed | | | $3,890,322.22 |
| Scott Sidell c/o Chirinos Law Firm PLLC 370 Camino Gardens Blvd., Suite 106 Boca Raton, FL 33432 | tchirinos@chirinoslawfirm.com | Judgment | Disputed | | | $2,697,909.97 |
| Design Center of the Americas LLC 750 Lexington Ave 28th Floor New York, NY 10022 | | Judgment | Disputed | | | $2,312,138.16 |

| Debtor | **Signal National LLC, et al.** | | | Case number *(if known)* | | |
| | Name | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| Mayer Brown LLP 311 W Monroe St, Ste 600 Chicago, IL 60606-9908 | payments@mayerbrown.com | Trade Payable | | | | $1,264,897.16 |
| Chillout Group Limited | gm@grupomascardi.com | Trade Payable | | | | $1,029,846.79 |
| McDermott Will & Schulte 919 Third Avenue New York, NY 10022 | remittanceNY@srz.com | Arbitration Award | Disputed | | | $881,100.00 |
| Sap Fioneer USA LLC 2929 Arch Street, Suite 1700 Philadelphia, PA 19104 | businessoperations@sapfioneer.com | Trade Payable | | | | $727,500.00 |
| BDO USA PC 5300 Patterson Ave SE Suite 100 Grand Rapids, MI 49512 | ARLockbox@bdo.com | Trade Payable | | | | $666,500.00 |
| Quinn Emanuel Urquhart & Sullivan 865 S Figueroa, St 10th Floor Los Angeles, CA 90017 | mariagil@quinnemanuel.com | Trade Payable | Disputed | | | $621,147.53 |
| Smartbox TV, Inc Nunchee 600 Brickell Ave, 19th Fl Miami, FL 33131 | lilian@fzsports.com | Trade Payable | | | | $509,211.57 |
| Ashley Huffman As Personal Representative for the Estate of Craig Sienema c/o Law Offices of Daniel A Seigel, PA 2600 N. Military Trail Suite 260 Boca Raton, FL 33431 | | Settlement Agreement | Disputed | | | $500,000.00 |
| Inflight Canada 4650 Boulevard Cote Vertu Ouest Montreal Quebec H4S 1CY Canada | bduplessis@inflightcanada.com | Trade payable | | | | $489,637.50 |
| McGuireWoods LLP 800 E. Canal Street Richmond, VA 23219 | jmorello@mcguirewoods.com | Trade payable | | | | $478,476.28 |
| Leamington Insurance Advisors Ltd Ideation House 94 Pitts Bay Road Pembroke HM 09 Bermuda | kenr8444@googlemail.com | Trade payable | | | | $428,745.42 |
| Riverside Risk Advisors LLC 519 Eighth Avenue, 26th FL New York, NY 10018 | | Trade payable | | | | $423,639.00 |
| Van Ness Feldman LLP 1050 Thomas Jefferson St NW Ste 700 Washington, DC 20007 | ldr@vnf.com | Trade payable | | | | $358,801.04 |
| 1221 Management LLC 1221 Brickell Ave Miami, FL 33131 | jwood@1848capital.com | Trade payable | | | | $350,000.00 |
| SAP America, Inc 3999 West Chester Pike Newtown Square, PA 19073 | FinanceAR@sap.com | Trade payable | | | | $337,234.40 |

Debtor  **Signal National LLC, et al.**                     Case number *(if known)* _____
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Norton Rose Fulbright Australia Level 5, 60 Martin Place Sydney NS 2000 | aucredit@nortonrosefulbright.com | Trade payable | | | | $303,170.47 |
| Norton Rose Fulbright US LLP 1301 Mckinney, Suite 5100 Houston, TX 77010 | cindy.crockett@nortonrosefulbright.com | Trade payable | | | | $302,395.47 |
| Kroll LLC 55 East 52nd St 17th Fl New York, NY 10055 | Victoria.Aydin@kroll.com | Trade payable | | | | $293,572.50 |
| Apex Fund Services (Ireland) Limite 2nd Fl Block 5, Irish Life Centre Dublin D01 P767 | juliang@apexfunds.com.mt | Trade payable | | | | $292,043.43 |
| Slarskey LLC 767 Third Avenue 14th Fl New York, NY 10017 | payables@slarskey.com | Trade payable | | | | $278,189.77 |
| Ernst & Young LLP (US) 200 Plaza Drive, Suite 2222 Secaucus, NJ 07094 | michael.quinn1@ey.com | Trade payable | | | | $275,960.50 |

**Fill in this information to identify the case:**

Debtor name     **777 Asset Management LLC**

United States Bankruptcy Court for the:     NORTHERN DISTRICT OF TEXAS

Case number (if known)

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | **Declaration and signature** |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration     **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **August 9, 2026**          X /s/ *Mark Shapiro*
                                         Signature of individual signing on behalf of debtor

                                         Mark Shapiro
                                         Printed name

                                         Authorized Signatory
                                         Position or relationship to debtor

Docusign Envelope ID: A0B79C69-56FD-804C-83CD-29EE4D41FEE7

## OMNIBUS UNANIMOUS WRITTEN CONSENT

## OF THE BOARDS, MANAGERS, AND MEMBERS OF 777 PARTNERS LLC, 600 PARTNERS LLC, AND CERTAIN OF THEIR DIRECT AND INDIRECT SUBSIDIARIES

August 8, 2026

The undersigned, being all of the boards of managers, managers, and/or members (each, a "Board" and collectively, the "Boards"), as applicable, of each of the entities listed on Exhibit A hereto (collectively, the "Company"), acting by written consent without a meeting, do hereby consent to the adoption of the following resolutions as of the date hereof with the same force and effect as if such resolutions were approved and adopted at a duly constituted meeting of the Board of each Company.

**WHEREAS**, the Boards have reviewed, considered, and had the opportunity to ask questions regarding the presentations and materials provided by the management and the financial and legal advisors of the Company concerning the assets, liabilities, and liquidity of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

**WHEREAS**, the Boards have consulted with the management and the legal and financial advisors of the Company regarding, and have fully considered, the strategic alternatives available to the Company;

**WHEREAS**, the Boards have reviewed the resolutions set forth below with the management and the legal and financial advisors of the Company; and

**WHEREAS**, the Company has determined that it is desirable and in the best interests of the Company and its creditors, employees, and other interested parties that a petition be filed by the Company, seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

## I.   Chapter 11 Cases

**NOW, THEREFORE, BE IT RESOLVED**, that the Company be, and hereby is, authorized and empowered to file a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court");

**RESOLVED FURTHER**, that Mark Shapiro, whose officer title shall be Authorized Officer in addition to any other officer title previously granted by such Company, and any other duly appointed officer of the Company (each, an "Authorized Officer" and collectively, the "Authorized Officers") be, and each of them individually hereby is, authorized, in the name and on behalf of the Company, appointed as the Company's authorized representatives, and in such capacity, acting alone or together, with power of delegation, be, and they hereby are, authorized and empowered to execute and file on behalf of the Company, including in the Company's capacity

Docusign Envelope ID: A0B79C69-56FD-804C-83CD-29EE4D41FEE7

as shareholder or member of its subsidiaries, all petitions, schedules, lists, applications, pleadings and other motions, papers, agreements, consents or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses, subject to the terms of the Company's applicable governing documents;

RESOLVED FURTHER that Mark Shapiro and any other Authorized Officer of the Company, and each of them hereby is, authorized and empowered on behalf of, and in the name of, the Company to take such actions as any of them deem necessary, appropriate, advisable or desirable to pursue and maximize the benefits of the Company's rights in chapter 11, including without limitation: (a) making arrangements for use of cash collateral and/or entering into arrangements for financing, refinancing, and DIP Credit Facility (defined below), in such amounts, with such interest rates and with such maturities provide by the DIP Lenders (defined below), (b) pursuing and consummating any sale or sales of the Company's assets any of them deem necessary or appropriate, and (c) developing, negotiating, confirming, and performing under a bankruptcy plan of reorganization or liquidation, and negotiating, executing and delivering on behalf of the Company any and all agreements, instruments, and related documents and taking other actions that, in the judgment and discretion of any of the Authorized Officers are necessary, appropriate, advisable, or desirable for pursuing and consummating such sale or sales of the Company's assets or for such development, negotiation, and confirmation of, and performance under, such a bankruptcy plan of reorganization or liquidation, including without limitation executing asset purchase agreements, plans, and related documents and filing motions, applications and requests for other relief, which actions shall remain subject to final approval of the Boards of 777 Partners LLC and 600 Partners LLC; and

RESOLVED FURTHER, that Mark Shapiro and any other Authorized Officer of the Company or managers of any direct or indirect subsidiaries of 777 Partners LLC or 600 Partners LLC shall report to the Board of 777 Partners LLC or 600 Partners LLC, as applicable, and shall have such authority as may be dictated by such Boards.

## II.    Retention of Professionals

RESOLVED FURTHER, that each Authorized Officer be, and they hereby are, authorized and directed to employ the law firm of Gray Reed as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Gray Reed.

RESOLVED FURTHER, that each Authorized Officer be, and they hereby are, authorized and directed to employ the law firm of Smith, Gambrell & Russell LLP as special corporate and litigation counsel to represent and assist the Company in connection with corporate, transactional, litigation, and related matters involving the Company; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to

Docusign Envelope ID: A0B79C69-56FD-804C-83CD-29EE4D41FEE7

execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain such services.

**RESOLVED FURTHER** that each Company, by and through its managers or members, hereby are, authorized and directed to employ the firm of GlassRatner Advisory & Capital Group LLC as financial advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

**RESOLVED FURTHER** that each Authorized Officer be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring, LLC as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

**RESOLVED FURTHER** that each Authorized Officer be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary.

**RESOLVED FURTHER** that each Authorized Officer be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such case.

### III.    DIP Financing and Cash Collateral

**RESOLVED FURTHER**, that the form, terms, and provisions of that certain First Amended Priming Superpriority Debtor-in-Possession Credit Agreement (as it may be amended, restated, supplemented, or otherwise modified from time to time) to be dated on or around the date hereof (the "DIP Credit Agreement") between 777 Partners LLC, 600 Partners LLC, and Signal National LLC, as borrowers, each of the guarantors thereto, from time to time, ACM Delegate LLC, as Agent, and AAV2024 LLC, Advantage Capital Holdings LLC, Dacian Master Fund LP, Haymarket Insurance Company, and such other lenders who may be party thereto from time to time (collectively, the "DIP Lenders") and related DIP Loan Documents (as defined therein) pursuant to which the DIP Lenders agreed to provide a credit facility (the "DIP Credit Facility")

3

Docusign Envelope ID: A0B79C69-56FD-804C-83CD-29EE4D41FEE7

be, and hereby are, in all respects approved and each Company is authorized to enter into the DIP Credit Agreement subject to approval by the Bankruptcy Court;

**RESOLVED FURTHER**, that each Company will obtain benefits, which are necessary and convenient to the conduct, promotion, and attainment of the business of such Company, from: (a) the incurrence of debtor in possession financing obligations under the DIP Credit Agreement, and (b) the use of collateral, including cash collateral, as that term is defined in Section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the DIP Credit Facility and/or certain pre-petition secured debt facilities to which the Company is a party;

**RESOLVED FURTHER**, that in order to use and obtain the benefits of the DIP Facility and the Cash Collateral, in accordance with Section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the secured parties (the "Adequate Protection Obligations"), as documented in a proposed order in interim and final form (the "DIP Orders") to be submitted for approval to the Bankruptcy Court;

**RESOLVED FURTHER**, that the form, terms, and provisions of the DIP Orders to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of each Company be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of such Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause each Company's performance of its obligations under the DIP Credit Agreement and the DIP Orders, and such other agreements, certificates, instruments, fee letters, guaranties, notices, receipts, recordings, filings, petitions, motions, or any other papers or documents as may be required by the DIP Credit Agreement and the DIP Orders, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, with the DIP Orders and the DIP Credit Agreement, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Boards of each Company, with such changes, additions, and modifications thereto as the Authorized Officers of each Company executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officers' execution and delivery thereof;

**RESOLVED FURTHER**, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations;

**RESOLVED FURTHER**, that the Authorized Officers of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate to effectuate the DIP Transactions, including delivery of the DIP Documents

4

Docusign Envelope ID: A0B79C69-56FD-804C-83CD-29EE4D41FEE7

(including, without limitation, any amendments to any DIP Documents) and seeking approval of the DIP Orders; and

**RESOLVED FURTHER**, that each of the Authorized Officers of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of such Company in connection with the foregoing Resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, proper, or advisable to perform such Company's obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## IV. General

**RESOLVED FURTHER**, that each Authorized Officer be, and hereby is, authorized to cause (and the Company hereby authorizes) any direct or indirect subsidiary of the Company, or any entity of which the Company or any subsidiary of the Company is the sole member, general partner, managing member, or equivalent manager, to take any of the actions described in or authorized by these resolutions, and none of the resolutions contained herein, or any action taken in furtherance hereof, shall have or cause an adverse effect on any such subsidiary or the Company's interest therein, including, without limitation, any automatic dissolution, divestiture, dissociation, or similar event under applicable law; and

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED FURTHER**, that the omission from these resolutions of any (a) agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions, or (b) action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions, including, without limitation, the organizational documents of the Company, shall in no manner derogate from the authority of the Authorized Officers to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions.

**RESOLVED FURTHER**, that all members of the Boards of the Company have received sufficient notice of the actions and transactions relating to the matters by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

5

Docusign Envelope ID: A0B79C69-56FD-804C-83CD-29EE4D41FEE7

**RESOLVED FURTHER**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution by the Boards.

**RESOLVED FURTHER**, that these resolutions may be executed and delivered in multiple counterparts and via facsimile or other electronic means, all of which taken together shall constitute one and the same instrument.

*[SIGNATURE PAGE FOLLOWS]*

Docusign Envelope ID: A0B79C69-56FD-804C-83CD-29EE4D41FEE7

IN WITNESS WHEREOF, the undersigned Boards have duly executed this Omnibus Unanimous Written Consent as of the date first written above.

**600 PARTNERS LLC**

Signed by:

*Anna Phillips*

63D5A169A0634F5...

Anna Phillips, Sole Manager

**777 PARTNERS LLC**

Signed by:

*Anna Phillips*

63D5A169A0634F5...

Anna Phillips, Sole Manager

**777 ASSET MANAGEMENT LLC**

Board:

DocuSigned by:

EDFCC56C64CC4C8...

Mark Shapiro, Manager

DocuSigned by:

*Michael Thatcher*

CEBFDE681751477...

Michael Thatcher, Manager

**DAEDALUS I LLC**

Board:

DocuSigned by:

EDFCC56C64CC4C8...

Mark Shapiro, Manager

DocuSigned by:

*Michael Thatcher*

CEBFDE681751477...

Michael Thatcher, Manager

Docusign Envelope ID: A0B79C69-56FD-804C-83CD-29EE4D41FEE7

**EMPLOYEE FUNDING OF AMERICA, LLC**

Board:

Mark Shapiro, Sole Manager

**F3EA CAPITAL LLC**

Board:

Mark Shapiro, Manager

Michael Thatcher, Manager

**F3EA HOLDINGS LLC**

Board:

Mark Shapiro, Manager

Michael Thatcher, Manager

**F3EA SERVICING LLC**

Board:

Mark Shapiro, Manager

Michael Thatcher, Manager

8

Docusign Envelope ID: A0B79C69-56FD-804C-83CD-29EE4D41FEE7

**IRONMAN CAPITAL LLC**

Board:

Mark Shapiro, Sole Manager

**LEX CAPITAL HOLDINGS LLC**

Mark Shapiro, Sole Manager

**LUMIERE ACQUISITIONS COMPANY LLC**

Mark Shapiro, Sole Manager

**LUMIERE FINANCING LLC**

Mark Shapiro, Sole Manager

**SIGNAL AHF MEDICAL RECEIVABLES HOLDCO LLC**

Mark Shapiro, Sole Manager

Signal Medical Receivables LLC, Sole Member

By: Mark Shapiro, Manager

9

Docusign Envelope ID: A0B79C69-56FD-804C-83CD-29EE4D41FEE7

**SIGNAL LF PORTFOLIO HOLDCO LLC**

Mark Shapiro, Sole Manager

**SIGNAL MLH MEDICAL RECEIVABLES HOLDCO LLC**

Board:

Mark Shapiro, Manager

Michael Thatcher, Manager

Signal Medical Receivables LLC, Sole Member

By: Mark Shapiro, Manager

**SIGNAL NATIONAL LLC**

Mark Shapiro, Sole Manager

**SIGNAL SERVICING LLC**

Board:

Mark Shapiro, Manager

Michael Thatcher, Manager

10

Docusign Envelope ID: A0B79C69-56FD-804C-83CD-29EE4D41FEE7

Signal Financial Holdings LLC, Sole Member

By:  Mark Shapiro, Manager

**SINGER ASSET FINANCE COMPANY, L.L.C.**

Mark Shapiro, Sole Manager

**SUTTONPARK CAPITAL LLC**

Mark Shapiro, Sole Manager

600 Partners LLC, Class A Member

By:  Anna Phillips, Sole Manager

**SUTTONPARK SERVICING LLC**

SuttonPark Capital LLC, Sole Member

By:  Mark Shapiro, Manager

**TACTICAL MARKETING PARTNERS LLC**

Board:

Mark Shapiro, Manager

11

Docusign Envelope ID: A0B79C69-56FD-804C-83CD-29EE4D41FEE7

Michael Thatcher, Manager


**THRESHER ACQUISITION LLC**

Board:

Michael Fuqua, Manager

Mark Shapiro, Manager

Michael Thatcher, Manager

777 Partners LLC, Series B Member

By:  Anna Phillips, Sole Manager

12

Docusign Envelope ID: A0B79C69-56FD-804C-83CD-29EE4D41FEE7

## EXHIBIT A

600 Partners LLC, a Delaware limited liability company

777 Asset Management LLC, a Delaware limited liability company

777 Partners LLC, a Delaware limited liability company

Daedalus I LLC, a Delaware limited liability company

Employee Funding of America, LLC, a Delaware limited liability company

F3EA Capital LLC, a Delaware limited liability company

F3EA Holdings LLC, a Delaware limited liability company

F3EA Servicing LLC, a Delaware limited liability company

Ironman Capital LLC, a Delaware limited liability company

Lex Capital Holdings LLC, a Delaware limited liability company

Lumiere Acquisitions Company LLC, a Delaware limited liability company

Lumiere Financing LLC, a Delaware limited liability company

Signal AHF Medical Receivables HoldCo LLC, a Delaware limited liability company

Signal LF Portfolio Holdco LLC, a Delaware limited liability company

Signal MLH Medical Receivables HoldCo LLC, a Delaware limited liability company

Signal National LLC, a Texas limited liability company

Signal Servicing LLC, a Delaware limited liability company

Singer Asset Finance Company, L.L.C. , a Delaware limited liability company

SuttonPark Capital LLC, a Delaware limited liability company

SuttonPark Servicing LLC, a Delaware limited liability company

Tactical Marketing Partners LLC, a Delaware limited liability company

Thresher Acquisition LLC, a Delaware limited liability company